IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | Case No. 18-CR-30027-SPM |
| **LAMAR GIBSON,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on Defendant Lamar Gibson's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) and § 1B1.10 of the United States Sentencing Guidelines Manual [hereinafter Sentencing Guidelines], making Amendment 821 retroactive (Doc. 53).

On March 28, 2024, Federal Public Defender Kim C. Freter was appointed to represent Defendant Gibson pursuant to Administrative Order 362. (*See* Doc. 54). On April 15, 2024, Attorney Freter filed a Motion to Withdraw as Attorney because "Counsel [was] unable to determine any non-frivolous basis for seeking relief for Mr. Gibson." (Doc. 55, p. 1). Attorney Freter states that Gibson "was determined to be a career offender pursuant to U.S.S.G. § 4B1.1(b)" and that his "criminal history category remains unchanged by Amendment 821." (*Id.* (citing Sentencing Guidelines § 4B1.1(b))). Attorney Freter also states that the "United States Probation Office similarly agrees with Counsel's guideline calculations and has similarly determined that Mr. Gibson is ineligible for relief due to his career offender status." (*Id.*, p. 2).

Notably, Gibson is not a zero-point offender and crimes in which "violence or credible threats of violence" are used "in connection with the offense" are categorically excluded from sentence reductions pursuant to Amendment 821. Sentencing Guidelines § 4C1.1(a)(1), (3). Defendant Gibson pleaded guilty to interference with commerce by robbery under 18 U.S.C. § 1951(a), thus admitting that he used "violence or credible threats of violence in connection with the offense." Sentencing Guidelines § 4C1.1(a)(3). Because of this, Defendant Gibson's criminal history category is not affected by Amendment 821.

Defendant Gibson filed a Response to Attorney Freter's Motion to Withdraw in which he does not address his Amendment 821 motion at all; instead, he requests counsel be appointed "to challenge the criminal history status points that put the defendant in career offender status" due to the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022). (Doc. 57, p. 1 (citing the same)). Defendant Gibson argues that the application of career offender status was unconstitutional because he claims that it was based on convictions for attempted Hobbs Act robbery, which the Supreme Court expressly states is not a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). (*See id.*); *see also Taylor*, 596 U.S. at 857–60 (citing § 924(c)(3)(A)).

The Court first notes that the prior felony convictions used to qualify Defendant Gibson as a career offender were an aggravated battery conviction and three attempted robbery convictions in Illinois state court; thus, none of his prior robbery convictions were for violation of the Hobbs Act, 18 U.S.C. § 1951(a). (*See* Doc. 43, ¶ 4). Second, the Court notes that such an argument is not cognizable under a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) Amendment 821, which

has a limited purview. Should Defendant Gibson have wished to pursue this line of argument, he should have filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. However, because Defendant Gibson failed to file a § 2255 motion attacking his conviction within one year of the Supreme Court's 2022 decision in *Taylor*, he is presently procedurally barred from filing such a motion. *See* 28 U.S.C. § 2255(e), (f). Moreover, even if he were able to file such a motion, a petitioner does not have the right to appointed counsel in § 2255 cases. *See, e.g.*, *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989) ("A motion under § 2255 to vacate, set aside, or correct a sentence is not part of the original criminal proceeding; it is an independent civil suit. Because it is civil in nature, a petitioner under § 2255 does not have a constitutional right to counsel." (citations omitted)).

Accordingly, Defendant Gibson's *pro se* Motion for Sentence Reduction pursuant to Amendment 821 (Doc. 53) is **DENIED**. Attorney Freter's Motion to Withdraw as Attorney (Doc. 55) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:  May 14, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
